UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALEJANDRO JIMENEZ GONZALEZ                                    PETITIONER

VERSUS                              CIVIL ACTION NO. 5:25-CV-147-DCB-RPM

WARDEN                                                        RESPONDENT

## ORDER TO SHOW CAUSE

On December 5, 2025, Alejandro Jimenez Gonzalez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner is a citizen of Cuba who entered the United States on or about February 25, 2019.  He has been in ICE detention since February 21, 2025, but subject to a removal order entered on May 2, 2025.  He alleges that ICE refuses to release him from immigration detention. He filed the instant petition seeking release.  Petitioner alleges he "has cooperated fully with ICE's efforts to remove" him.  [1-1] at 9.

In its response, Respondent indicates that ICE attempted to remove Petitioner to Cuba in July 2025, but the Cuban government declined to accept Petitioner for repatriation.  A later request was also denied by the Cuban government in January 2026.  Unable to remove Petitioner to his native Cuba, ICE undertook efforts to remove Petitioner to Mexico, but he was uncooperative, as reflected in the affidavit of William Saunders, Assistant Field Office Director. [17-1].  For example, On October 21, 2025, Petitioner allegedly threatened to start a fire at the Central Louisiana ICE Processing Center.  On February 1, 2026, Petitioner allegedly made false claims that he had a court order prohibiting his removal.  On February 20, 2026, Petitioner is alleged to have refused to deboard a bus to be removed to Mexico.  Throughout his pleadings, Petitioner indicates he has a fear of being removed to Mexico.

ICE has 90 days to remove an alien after he is ordered removed under 8 U. S. C. § 1231(a)(1)(A).  However, the U.S. Supreme Court has held that § 1231 permits the detention of criminal aliens beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States.  *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  "Pursuant to *Zadvydas*, it is presumptively constitutional for an alien to be detained for six months after the removal period begins."  *Toomer v. Gillis*, 5:20-cv-3-KS-MTP, 2020 WL 4551674, at *2 (S.D. Miss. July 7, 2020), report and recommendation adopted by 2020 WL 4549279 (S.D. Miss. Aug. 6, 2020); *see also Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).  However, "'an alien is not entitled to relief for a delay that he has intentionally caused by deliberately obstructing his otherwise imminent deportation; it would be inequitable to allow him to benefit from that delay.'"  *Toomer*, 2020 WL 4551674, at *2; *see also Balogun v. I.N.S.*, 9 F.3d 347, 351 (5th Cir. 1993) ("if it is shown that petitioner by his conduct has intentionally prevented the INS from effecting his deportation, the six-month period should be equitably tolled until petitioner begins to cooperate with the INS in effecting his deportation or his obstruction no longer prevents the INS from bringing that about."); *Yannezz v. Gillis*, No. 5:19-cv-102-DCB-MTP, 2020 WL 3105959 (S.D. Miss. April 21, 2020) (finding continued detention not unreasonable when petitioner did not fully cooperate in removal process), report and recommendation adopted by 2020 WL 3103977 (S.D. Miss. June 11, 2020).

Petitioner is subject to a removal order; and ICE has provided for his removal to Mexico. According to Respondent, but for Petitioner's lack of cooperation, he would no longer be in ICE custody.  Based on the foregoing, Petitioner is directed to show cause in writing why his § 2241 petition should not be denied based on Respondent's allegations of non-cooperation.

IT IS THEREFORE ORDERED AND ADJUDGED that Petitioner shall have until **June 3, 2026**, to show cause in writing why his petition should not be dismissed based on Respondent's allegations of non-cooperation.

SO ORDERED AND ADJUDGED, this the 13th day of May 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE