UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALEJANDRO JIMENEZ GONZALEZ PETITIONER

VS. CIVIL ACTION NO. 5:25-CV-147-DCB-RPM

WARDEN RESPONDENT

## REPORT AND RECOMMENDATIONS

Before the Court is Petitioner Alejandro Jimenez Gonzalez's [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, a native and citizen of Cuba, filed his pro se Petition [1] on December 5, 2025, challenging the length of his detention and alleging the violation of his due process rights under the Fifth Amendment. Having considered the record and the relevant law, the undersigned recommends that the Petition be denied and that this action be dismissed.

## I. BACKGROUND

Petitioner is a citizen of Cuba who entered the United States on or about February 25, 2019. *See* Pet. [1-1] at 3. Petitioner was detained by Immigration and Customs Enforcement ("ICE") on February 21, 2025. *See* Pet. [1] at 4. On May 2, 2025, an immigration judge ordered that Petitioner be removed from the United States. *See* Pet. [1-1] at 3; *see also* Ex. A to Resp. [17-1] at ¶ 4. Both parties waived appeal. *See* Ex. A to Resp. [17-1] at ¶ 4.

Petitioner filed his Petition on December 5, 2025, while he was detained at the Adams County Correctional Center in Natchez, Mississippi, alleging the following grounds: violation of 8 U.S.C. § 1231(a)(6) because he has been detained beyond the authorized removal period; and violation of the Due Process Clause of the Fifth Amendment. *See* Pet. [1] at 6. He claims his continued detention violates *Zadvydas v. Davis,* 533 U.S. 678 (2001). He seeks his immediate

release from ICE custody. *Id*. at 7. Petitioner alleges he "has cooperated fully with ICE's efforts to remove" him. Pet. [1-1] at 3. Petitioner is currently being detained at the Pine Prairie Ice Processing Center in Pine Prairie, Louisiana. *See* Ex. A to Resp. [17-1] at ¶ 5; [25-1].

Respondent indicates that ICE attempted to remove Petitioner to Cuba in July 2025, but the Cuban government declined to accept Petitioner for repatriation. *See* Ex. A to Resp. [17-1] at ¶ 6. A later request was also denied by the Cuban government in January 2026. *Id*. at ¶ 12. Unable to remove Petitioner to his native Cuba, ICE undertook efforts to remove Petitioner to Mexico, but he was uncooperative, as reflected in the declaration of William Saunders, Assistant Field Office Director ("AFOD"). *Id.* For example, on October 21, 2025, Petitioner allegedly threatened to start a fire at the Central Louisiana ICE Processing Center. *Id*. at ¶ 9. On February 1, 2026, Petitioner allegedly made false claims that he had a court order prohibiting his removal. *Id*. at ¶ 13. On February 20, 2026, Petitioner allegedly refused to deboard a bus to be removed to Mexico. *Id*. at ¶ 16. Throughout his pleadings, Petitioner indicates he has a fear of being removed to Mexico. Petitioner was served with a Notice of Failure to Comply on March 3, 2026. *Id.* at ¶ 17; Ex. B to Resp. [17-2].

On May 13, 2026, this Court entered an Order to Show Cause [23] directing Petitioner to show cause in writing why his § 2241 petition should not be denied based on Respondent's allegations of non-cooperation. On May 18, 2026, Petitioner filed his Response to Order to Show Cause, stating that "Cuba has repeatedly refused repatriation, and Respondents have not produced sufficient evidence that Mexico has formally accepted . . . Petitioner or that removal to Mexico is actually imminent." Resp. [25] at 1. Petitioner further states that "he has not intentionally or willfully obstructed his removal proceedings." *Id.*

Petitioner alleges his fear of removal to Mexico is genuine because he "was previously

kidnapped while in Mexico during a vacation trip . . . ." Resp. [25] at 2. Petitioner admits to "making an inappropriate verbal statement regarding setting fire to detention center" but claims such "statement was made during a moment of panic, fear, and emotional distress" and it was not intended as a genuine threat. *Id.* Regarding the allegation that Petitioner informed ERO that he had a court order staying his removal, Petitioner claims that due to his "limited understanding of the law as a pro se detainee," he believed that "his pending [habeas petition] might temporarily prevent transfer removal while the matter remained under review." *Id*. at 3.

## II. DISCUSSION

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241. The writ of habeas corpus is "available to every individual detained within the United States," including noncitizens. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).

"A district court has subject matter jurisdiction to hear an alien's Section 2241 petition challenging the lawfulness of his or her detention." *Wekesa v. United States Att'y*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022); *see also Imran v. Harper,* No. 25-30370, 2026 WL 93131, *1 (5th Cir. Jan. 13, 2026) ("[D]istrict courts have subject-matter jurisdiction to review § 2241 petitions challenging the lawfulness of a noncitizen's detention . . . .").

Petitioner's detention is governed by 8 U.S.C. § 1231, which provides that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (. . . referred to as the 'removal period')[,]" during which time the alien shall be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2). "After that time elapses, however, § 1231(a)(6) provides only that certain aliens '*may* be detained' while

efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original).

In *Zadvydas v. Davis*, the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 678, 699 (2001). The Court concluded that while six months is a presumptively reasonable period of detention, that "does not mean that every alien not removed must be released after six months." *Id*. at 701. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. "The alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (citing *Zadvydas*, 533 U.S. at 701). Conclusory allegations are insufficient to meet this burden. *Andrade*, 459 F.3d at 543.

"An alien is not entitled to relief for a delay that he himself has intentionally caused by deliberately obstructing his otherwise imminent deportation; it would be inequitable to allow him to benefit from that delay." *Yannezz v. Gillis*, No. 5:19-cv-102-DCB-MTP, 2020 WL 3105959, at *2 (S.D. Miss. Apr. 21, 2020), *report and recommendations adopted sub nom*, 2020 WL 3103977 (S.D. Miss. June 11, 2020) (citation omitted). "If an alien hampers the removal process, he tolls the six-month detention period." *Singh v. Gillis*, No. 5:19-cv-138-KS-MTP, 2020 WL 4551669, at *2 (S.D. Miss. June 24, 2020), *report and recommendations adopted*, 2020 WL 4550946 (S.D. Miss. Aug. 6, 2020) (citing *Balogun v. I.N.S.*, 9 F.3d 347, 351 (5th Cir. 1993)); *see also Figuereo v. Gillis*, No. 5:19-cv-84-DCB-MTP, 2020 WL 3051347, at *2 (S.D. Miss. June 8, 2020) ("Petitioner's own efforts to thwart the removal process by failing to comply with ICE directives, refusing to cooperate with the Dominican consulate, and providing conflicting claims of

citizenship preclude him from effectively arguing that his removal is not likely in the foreseeable future."); *Hook v. Lynch*, 639 F. App'x 229, 230 (5th Cir. 2016) ("Hook's failure to cooperate with the efforts to remove him tolled the running of the removal period.").

Petitioner has failed to meet his burden of demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future. To the contrary, the record reflects that ICE has attempted to remove Petitioner several times, but his refusal to cooperate prevented his removal. *See* Ex. A to Resp. [17-1] at ¶ ¶ 8-17. Petitioner does not dispute the statements regarding his failure to cooperate set forth in AFOD Saunders' declaration, including his threat to start a fire at one of the facilities. Rather, Petitioner explains that his actions were based on genuine fear of going to Mexico and his misunderstanding of the law, and that the threat regarding the fire was not a "genuine threat." Resp. [25] at 2-3.

According to the declaration of AFOD Saunders, "there is a significant likelihood of removal in the reasonably foreseeable future, which will occur once Petitioner complies with removal efforts." *See* Ex. A to Resp. [17-1] at ¶ 18.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition [1] be denied and that this action be dismissed with prejudice. By so recommending, the undersigned does not suggest that Petitioner may be held indefinitely. If, after fully cooperating with the officials involved in the removal process, his removal is not likely in the reasonably foreseeable future, then he may again apply for relief.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time

period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 27th day of July 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE